IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EDDIE SHORTY, #26507                                                    PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 4:05cv156TSL-AGN

STATE OF MISSISSIPPI                                                    DEFENDANTS

OPINION AND ORDER

Upon further consideration of the records in this action, the court finds that an order was entered on October 11, 2005, denying the plaintiff's request to proceed in forma pauperis and requiring plaintiff to pay the full filing fee of $250.00, on or before October 31, 2005. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. A copy of the order was mailed to the plaintiff at his last known address. The plaintiff failed to comply with the order.

On December 9, 2005, this court entered an order directing the plaintiff to show cause as to why this case should not be dismissed for his failure to comply with the court's order of December 9, 2005, and further directed the plaintiff to comply with the order, within fifteen days. Although more than thirty days have elapsed since that time, the plaintiff has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with the court's order. The plaintiff's failure to comply with two orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh,

835 F.2d 1126 (5th Cir. 1988).

 The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  <u>Link</u>, <u>supra</u>, 370 U.S. at 630.

 Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

 A final judgment in accordance with this opinion and order will be entered.

 This the  6th   day of February, 2006.


         /s/ Tom S. Lee
        UNITED STATES DISTRICT JUDGE